IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SERVICE EXPERTS, LLC, : | |
| : | |
| Plaintiff, : | |
| : | Civil No. 21-18281 (RBK/AMD) |
| v. : | |
| KEN BAXTER and SERVICE : | **OPINION** |
| CHAMPIONS, LLC, : | |
| : | |
| Defendants. : | |

**KUGLER**, United States District Judge:

Presently before the Court is Defendant Service Champions, LLC's Motion to Dismiss for Lack of Jurisdiction (Doc. No. 14). For the reasons set forth below, Defendant Service Champions, LLC's Motion to Dismiss is **GRANTED**.

Plaintiff Service Experts LLC, an HVAC services company, brought an action for injunctive relief and damages against its former employee, Ken Baxter, and Mr. Baxter's new California-based employer Service Champions, LLC ("Service Champions"). Plaintiff and Mr. Baxter have a "Confidentiality, Non-Competition, Non-Solicitation and Non-Disparagement Agreement" ("agreement") for one year after Mr. Baxter's departure, but Mr. Baxter joined Service Champions less than one year after leaving Plaintiff. Plaintiff alleges that Mr. Baxter's work at Service Champions violates the agreement, that Mr. Baxter and Service Champions are misappropriating Plaintiff's trade secrets under state and federal law, and that they are tortiously interfering with contractual relationships.

Service Champions brought a motion to dismiss for lack of personal jurisdiction. (Doc. No. 14). To determine whether it has personal jurisdiction over a defendant, we undertake a two-

step inquiry. *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998). First, we look to the relevant state's long-arm statute to see whether it permits the exercise of personal jurisdiction. *Id.*; Fed. R. Civ. P. 4(k). "Second, the court must apply the principles of due process" under the federal Constitution. *Onishi v. Chapleau*, No. 20-cv13001, 2021 WL 651161, at *2 (D.N.J. Feb. 19, 2021). "In New Jersey, this inquiry is collapsed into a single step because the New Jersey long-arm statute permits the exercise of personal jurisdiction to the fullest limits of due process." *IMO Indus.,* 155 F.3d at 259. Accordingly, personal jurisdiction over a non-resident defendant is proper in this Court only if the defendant has certain "minimum contacts" with New Jersey such that they could "reasonably anticipate being haled into court there," *see World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980), and (2) "the assertion of personal jurisdiction would comport with 'fair play and substantial justice,'" *see Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985).

When as here a Defendant raises a personal jurisdictional objection, Plaintiff bears the burden of showing that jurisdiction is proper. *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). It is insufficient to rely on the pleadings alone; rather, Plaintiff must establish facts relevant to personal jurisdiction by affidavits or other competent evidence. *Patterson v. Fed. Bureau of Investigation*, 893 F.2d 595, 603-04 (3d Cir.1990) (citing *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 67 n.9 (3d Cir. 1984)); *see also N. Penn Gas v. Corning Natural Gas*, 897 F.2d 687, 688 (3d Cir. 1990) ("A determination of minimum contacts is based upon findings of fact."). We take Plaintiff's allegations as true and resolve factual disputes in Plaintiff's favor; Plaintiff need only show a prima facie case of personal jurisdiction. *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 780 (3d Cir. 2018) (citations omitted).

A plaintiff may establish personal jurisdiction by proving the existence of either specific or general jurisdiction. *Provident Nat'l Bank*, 819 F.2d at 437. Because Service Champions is not "at home" in New Jersey, we turn to specific jurisdiction, which extends to particular claims. *See Hepp v. Facebook*, 14 F.4th 204, 207 (3d Cir. 2021). Specific jurisdiction analysis has two prongs. First, "purposeful availment: minimum contacts with the forum state that show the defendant took a deliberate act reaching out to do business in that state." *Id.* (citing *Ford Motor Co. v. Montana Eighth Judicial District Court*, 141 S. Ct. 1017, 1024-25 (2021)). "Second, the contacts must give rise to—or relate to—plaintiff's claims." *Id.*

Here, Plaintiff argues that Service Champions purposely directed its actions at New Jersey because Service Champions interviewed Mr. Baxter while he was in New Jersey, facilitated Mr. Baxter's travel between New Jersey and California, and "allowed" Mr. Baxter to live in New Jersey while working for Service Champions. As evidence of same, Plaintiff proffers deposition testimony of and interrogatory responses from Mr. Baxter and a Service Champions representative. Plaintiff argues that these contacts with New Jersey—Mr. Baxter's conduct in the state—are the very actions giving rise to their claims. Plaintiff further argues that the conduct of Mr. Baxter, a New Jersey resident over whom personal jurisdiction is undisputed, is closely related to the conduct of Service Champions, such that we have personal jurisdiction over Service Champions under the "closely related" doctrine.

In support, Plaintiff cites to *Miller Yacht Sales, Inc. v. Smith*. 384 F.3d 93 (3d Cir. 2004). *Miller Yacht* involved a failed advertising deal between a yacht maker and an advertiser. *Id.* at 95. The plaintiff, a New Jersey corporation, and the defendant, an out-of-state corporation, tried to negotiate a deal under which the defendant would be the exclusive marketing representative for some of the plaintiff's yachts. *Id.* When that deal failed, the plaintiff alleged, the defendant

took sales materials it had acquired from the plaintiff and misappropriated them to advertise competing products. *Id.* The Third Circuit found that the district court had specific personal jurisdiction over the defendant based on three important contacts: the defendant traveled to New Jersey to negotiate with the plaintiff and receive the sales materials; the defendant placed the alleged misappropriated materials in their own yacht marketing materials in regional magazines and direct mailings to customers in New Jersey; and the defendant sent communications to New Jersey to set up a trip for the plaintiff to visit an international manufacturer. *Id.* at 97.

      Here, Plaintiff does not allege that Service Champions has used misappropriated trade secrets in New Jersey. Service Champions, unlike the defendant in *Miller Yacht*, does not have customers in New Jersey. Plaintiff has not met its burden of showing that Service Champions took a deliberate act reaching out to do business *in New Jersey*. We find that Mr. Baxter interviewing with Service Champions from New Jersey and working remotely on occasion from New Jersey, alone, are not the "minimum contacts" necessary for specific personal jurisdiction. To find otherwise would suggest that a remote home office of a lawbreaking employee, alone, is enough to satisfy specific personal jurisdiction over an employer. *Miller Yacht* does not say this, and neither does any other case Plaintiff cites.

      We turn next to the "closely related" doctrine. "[N]onsignatory third-parties who are closely related to a contractual relationship are bound by forum selection clauses contained in the contracts underlying the relevant contractual relationship." *Steinmetz v. Scholastic Inc.*, No. 2:16-3583, 2017 U.S. Dist. LEXIS 149952, at *3 (D.N.J. Sept. 15, 2017) (collecting cases). Plaintiff asserts that under this doctrine, Service Champions is bound by the forum selection clause in Mr. Baxter's agreement with Plaintiff. But the closely related doctrine does not cure a defect in personal jurisdiction. *See In Re Howmedica Osteonics Corp.*, 867 F.3d 390, 407 (3d Cir. 2017).

Defendant Service Champions, LLC's motion to dismiss is **GRANTED** and Service Champions, LLC is **DISMISSED** for lack of personal jurisdiction. An order follows.

Dated: 12/30/2021                                    /s/ Robert B. Kugler
                                                     ROBERT B. KUGLER
                                                     United States District Judge