UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SERVICE EXPERTS LLC, | : <br> : <br> : Civil No. 21-18281 (RBK/AMD) <br> : <br> : **OPINION** <br> : <br> : <br> : <br> : <br> : |
| Plaintiff, | |
| v. | |
| KEN BAXTER, | |
| Defendant. | |

**KUGLER**, United States District Judge:

This matter comes before the Court on Plaintiff Service Experts LLC's motion, titled a Motion to Vacate or, in the alternative, Motion for Reconsideration and for Leave to File Second Amended Complaint (ECF No. 78). The Motion asks us to vacate or reconsider our prior Order and Opinion dated December 30, 2021 (ECF Nos. 36, 37), in which we granted former defendant Service Champions, LLC's Motion to Dismiss for Lack of Jurisdiction (ECF No. 14). The Notice of Motion states that Plaintiff also seeks leave to file a Second Amended Complaint and requests additional limited discovery regarding Defendant Ken Baxter's actions in New Jersey on behalf of Service Champions. (ECF No. 78 at 1). However, the brief filed in support of the Motion argues only the motion to vacate or reconsider, so we consider only those issues here. The Motion is based on new evidence found in the discovery process, which Service Experts argues requires reconsideration of our decision that we do not have personal jurisdiction over Service Champions. Because the new evidence would not change the outcome of the personal jurisdiction analysis, we decline to reconsider or vacate our prior Order. Therefore, the Motion will be denied.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

1

This action was originally brought by Plaintiff Service Experts against its former employee, Defendant Ken Baxter, and Baxter's employer, former defendant Service Champions, LLC. (ECF No. 1). Baxter was hired by Service Experts as a Regional Sales Manager on September 21, 2019. (*Id.* ¶ 18). As a condition of his employment, Baxter entered into a Confidentiality, Non-Competition, Non-Solicitation, and Non-Disparagement Agreement, under which Baxter agreed not to indirectly or directly disclose confidential information or trade secrets for three years after termination of his employment. (*Id.* ¶¶ 19, 22). On June 11, 2021, Baxter accepted a position with Service Champions, a direct competitor of Service Experts. (*Id.* ¶¶ 28–29). In his new role, Baxter's only job was to "develop a seven week training program for Service Champions' new sales associates in California and then conduct the training programs in California." (ECF No.14-8 ¶ 19). All of Baxter's job duties were performed solely in California, and during his employment with Service Champions Baxter commuted weekly to California, although he "will answer an occasional email or take an occasional telephone call from his home in New Jersey when he is not in California." (*Id.* ¶ 24).

Service Experts alleges that during Baxter's employment with Service Champions, he breached his Agreement with Service Experts by using Service Experts' proprietary training materials and sharing these materials with other Service Champions employees for use in Service Champions' sales training program. (ECF No. 78 ("Mot.") at 2). In addition to claims brought against Baxter, the Complaint brought causes of action against Service Champions for federal and state trade secret misappropriation and interference with contractual relationships. (ECF No. 1 at ¶¶ 46–60).

On October 17, 2021, Service Champions filed a Motion to Dismiss for lack of personal jurisdiction. (ECF No. 14). On December 30, 2021, we entered an Order and Opinion agreeing

2

with Service Champions and dismissing it from this action. (ECF Nos. 36, 37). Because Service Champions is a California-based company, Plaintiff had the burden of proving Service Champions had sufficient minimum contacts with the state of New Jersey to permit us to exercise specific jurisdiction over it. (*See* ECF No. 36 at 3). We found that Plaintiff failed to meet this burden, noting that Service Champions does not have customers in New Jersey and Plaintiff does not allege that Service Champions used misappropriated trade secrets in New Jersey. (*Id.* at 4). The only contact Service Champions had with New Jersey was its contact with Ken Baxter, who sometimes worked remotely from his home office in New Jersey. (*Id.*). We concluded that "Mr. Baxter interviewing with Service Champions from New Jersey and working remotely on occasion from New Jersey, alone, are not the 'minimum contacts' necessary for specific personal jurisdiction." (*Id.*).

Since Service Champions' dismissal from this action, Service Experts and Baxter have engaged in significant discovery, including third-party discovery of documents controlled by Service Champions. (Mot. at 2). Service Experts issued a third-party subpoena to Service Champions seeking documents related to Baxter's development of Service Champions' sales training program. (*Id.*). On August 12, 2022, Service Champions produced documents in response to the subpoena, including emails dated September 14, 2021, between Baxter and another Service Champions employee named Brian Politowski, who also previously worked for Service Experts. (*Id.*). In these emails, Baxter forwarded copies of Service Experts' sales training materials that were edited for use in Service Champions' own sales training program. (*Id.* at 2–3). In some of the documents, the only change made was that "Service Experts" was changed to "Service Champions." (*Id.* at 3). Service Experts notes that "Baxter does not purport [to] have been physically located in New Jersey on September 14, 2021," the day the emails were sent.

3

(*Id.*). However, Service Experts asserts that "Baxter did continue to substantively work on developing and implementing Service Champion's sales training program while physically located in New Jersey from that date onwards." (*Id.*).

On December 30, 2022, Service Experts filed the instant Motion to Vacate or, in the alternative, Motion for Reconsideration. Based on the newly-discovered emails between Baxter and Politowski containing Service Experts' training materials and evidence that Service Champions' training materials are barely-changed copies of Service Experts' training materials, Service Experts argues the decision to dismiss Service Champions must be vacated or reconsidered. Service Experts argues specific jurisdiction over Service Champions exists because "Baxter continued to be involved in developing and implementing Service Champions' sales training program while physically located in New Jersey." (Mot. at 7). Because the emails demonstrate that Baxter was using Service Experts' training materials as of September 14, 2021, Service Experts argues that since that date, "every time Baxter worked on Service Champions' sales training program, including while he was in New Jersey, Baxter, and Service Champions, were misappropriating Service Experts' sales training program." (*Id.* at 10). Further, Service Experts argues that "each instance that Baxter discussed or worked on developing or implementing Service Champions' sales training program while he was in New Jersey established a much more significant contact by Service Champions in New Jersey." (*Id.* at 14). Therefore, Service Experts urges us to find personal jurisdiction over Service Champions.

**II.     LEGAL STANDARD**

Local Civil Rule 7.1 allows a party to seek reconsideration of "matter[s] or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked. . . ." Local Civ. R. 7.1(i). "[R]econsideration is an extraordinary remedy, that is granted 'very sparingly.'"

4

*Brackett v. Ashcroft*, 2003 WL 22303078 (D.N.J. Oct. 7, 2013). To prevail on a motion for reconsideration, the movant has the burden to demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *U.S. ex rel. Shumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014) (citing *Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

      Federal Rule of Civil Procedure 60(b) authorizes a court to "relieve a party . . . from a final judgment, order, or proceeding" for six specified reasons, which include "newly discovered evidence that, with reasonable diligence, could not have been discovered" earlier; "fraud, misrepresentation, or misconduct by an opposing party;" and "any other reason that justifies relief." A motion filed pursuant to Rule 60(b) is "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." *Ross v. Meagan*, 638 F.2d 646, 648 (3d Cir. 1981); *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998). Relief under Rule 60(b) is appropriate only when the "overriding interest in the finality and repose of judgments may properly be overcome." *Harris v. Martin*, 834 F.2d 361, 364 (3d Cir. 1987). To prevail on a motion to vacate under the newly discovered evidence prong of Rule 60(b)(2), "the new evidence must (1) be material and not merely cumulative, (2) could not have been discovered before the issuance of the order through the exercise of reasonable diligence, and (3) would probably have changed the outcome of the matter." *Compass Technology, Inc. v. Tseng Laboratories, Inc.*, 71 F.3d 1125, 1130 (3d Cir. 1995); *see also Bank of Am., N.A. v. Westheimer*, No. CIV. 12-7080, 2015 WL 5562306, at *3 (D.N.J. Sept. 21, 2015). A motion under Rule 60(b) must be made "in a reasonable time," and for a motion made based

on newly discovered evidence, the motion must be made no more than a year after the entry of the judgment or order. Fed. R. Civ. P. 60(c)(1).

### III.  DISCUSSION

First, the parties dispute whether Plaintiff's motions under Local Rule 7.1(i) and Federal Rule of Civil Procedure 60(b) are timely. Under Local Rule 7.1(i), a motion to reconsider must be filed within 14 days of the challenged order, "[u]nless otherwise provided by statute or rule[.]" Plaintiff urges us to equitably toll the 14-day deadline but fails to cite any precedent for equitable tolling of Rule 7.1(i)'s time limit. We conclude Plaintiff's motion to reconsider under Local Rule 7.1(i) is untimely.

As to the motion to vacate under Rule 60(b), such a motion must be made within "a reasonable time" and no more than one year after entry of the original order for motions based on newly discovered evidence. Fed. R. Civ. P. 60(c)(1). Even if a Rule 60(b) motion is filed within one year, a court has discretion to find it was untimely if it was not filed in a reasonable time. *See Bank of Am., N.A. v. Westheimer*, 683 F. App'x 145, 151 (3d Cir. 2017) (upholding dismissal of Rule 60(b)(2) motion made after nine months, which was within the one-year outside deadline, but still not within a "reasonable time"). Here, the challenged order was entered on December 30, 2021. (ECF No. 37). Plaintiff filed this Motion exactly one year after the original order was entered, on December 30, 2022. (ECF No. 78). Because the rule's maximum time limit is not at issue, the question we are presented with is whether the time between the original order and the filing of this Motion is otherwise unreasonable. Service Champions points out that Plaintiff learned of the new evidence nearly five months before filing this Motion and urges us to find this time gap unreasonable. (ECF No. 81 at 12). Plaintiff argues it filed this Motion "as soon as

practical," considering the parties were engaged in litigating other motions and discovery was and continues to be stayed. (ECF No. 82 at 5).

We proceed assuming, without deciding, that the Rule 60(b) motion is timely, because we will deny the motion on its substance. Plaintiff argues the newly discovered evidence requires us to vacate our prior order. (Mot. at 9). However, Plaintiff has not met its burden of showing the newly discovered evidence would change the outcome of our prior order, as is required to grant a Rule 60(b) motion based on newly discovered evidence. *Compass Technology,* 71 F.3d at 1130; *see also Brown v. William Penn Sch. Dist.*, No. CV 18-03674, 2020 WL 4436851, at *5 (E.D. Pa. Aug. 3, 2020) (denying Rule 60(b)(2) motion because the newly discovered evidence did not repair the deficiencies in plaintiff's case).

Our prior Order and Opinion granting Service Champion's Motion to Dismiss for Lack of Jurisdiction was based on our finding that we cannot exercise specific jurisdiction over Service Champion because Service Champion had not "aimed its tortious conduct" at the forum, New Jersey. To establish personal jurisdiction, a plaintiff must demonstrate "minimum contacts with the forum state that show the defendant took a deliberate act reaching out to do business in that state." *Hepp v. Facebook*, 14 F.4th 204, 207 (3d Cir. 2021). In our prior Order, we found Plaintiff had not met this burden, because

> Mr. Baxter interviewing with Service Champions from New Jersey and working remotely on occasion from New Jersey, alone, are not the "minimum contacts" necessary for specific personal jurisdiction. To find otherwise would suggest that a remote home office of a lawbreaking employee, alone, is enough to satisfy specific personal jurisdiction over an employer.

(ECF No. 36 at 4).

Plaintiff argues this decision must be reconsidered in light of the newly discovered emails between Baxter and another employee at Service Champions which contain the alleged proprietary training program materials belonging to Service Experts. (Mot. at 2–3). However, as

7

Service Champions points out, the newly discovered emails were sent by Baxter from outside of New Jersey to another Service Champions employee who was also located outside of New Jersey. (ECF No. 81 at 19). We do not see how emails sent and received outside of New Jersey are relevant to a minimum contacts analysis with New Jersey. Even if Baxter had been in New Jersey when he sent the emails, the emails still would not negate the fact that Service Champions itself did not engage in tortious conduct directed at New Jersey. *See Eagle System, Inc. v. Mod-Pac Corp.*, 2019 WL 2536005, at *4 (D.N.J. June 19, 2019) (finding no specific jurisdiction over defendant because there was insufficient evidence "that the defendant expressly aimed his tortious conduct at the forum"). Again, we emphasize that the conduct of a lawbreaking employee from a remote home office, on its own, is not enough to satisfy specific personal jurisdiction over an employer. Service Champions is a California-based company and, even assuming Service Champions did misappropriate the training materials, the materials were only used for training in California, not New Jersey. Plaintiff bears the burden of showing Service Champions purposely directed tortious activity at the forum state. The newly discovered evidence is irrelevant to that question and thus would not change the outcome of our prior Order. Therefore, we will deny the Rule 60(b) motion.

**IV.   CONCLUSION**

For the reasons stated above, Plaintiff's Motion is **DENIED.** An Order follows.

Date:  5/15/2023

 s/ Robert B. Kugler
ROBERT B. KUGLER, U.S.D.J.

8