[D.I. 96]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SERVICE EXPERTS LLC,<br><br>        Plaintiff,<br><br>  v.<br><br>KEN BAXTER and SERVICE CHAMPIONS LLC,<br><br>        Defendants. | Civil No. 21-18281 (RBK/AMD) |

**REPORT AND RECOMMENDATION**

Presently before the Court is a motion [D.I. 96] for sanctions filed by Plaintiff, Service Experts LLC, in which Plaintiff seeks entry of default against Defendant Ken Baxter for his failure to appear for a deposition on three occasions.[1] Defendant Baxter has not opposed the motion. The Court decides this matter on a Report and Recommendation basis pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) in light of the dispositive nature of the sanctions sought. For the reasons set forth below, the

---

[1] Plaintiff's memorandum in support of the motion requests entry of default judgment, but the proposed form of order seeks entry of default only. At a hearing on January 9, 2024, Plaintiff's counsel clarified that Plaintiff seeks to strike Defendant Baxter's answer and the entry of default, and does not seek entry of default judgment at this time.

Court recommends that Plaintiff's motion for sanctions be granted in part.[2]

The background of this case is set forth in the District Court's Opinion dated December 30, 2021 and is incorporated herein by reference. (*See* Op. [D.I. 36], Dec. 30, 2021, p. 1.) Generally, Defendant Baxter is a former employee of Plaintiff who subsequently became employed by Service Champions, LLC (hereinafter, "Service Champions") allegedly in violation of a "Confidentiality, Non-Competition, Non-Solicitation and Non-Disparagement Agreement" between Baxter and Plaintiff. (*Id.*)

---

[2] In addition to seeking entry of default, Plaintiff's proposed form of order also seeks sanctions in the form of attorney's fees and costs in the amount of $4,978. (*See* Proposed Order [D.I. 96-3].) Plaintiff submitted the Declaration of Daniel P. O'Meara, Esq. in support of its motion, in which Mr. O'Meara states that Plaintiff has incurred $615 in late-cancellation fees relating to Defendant Baxter's deposition and $4,363 preparing for the deposition. (*See* Decl. of Daniel P. O'Meara, Esq. in Supp. of Mot. for Summ. J. and Application for Rule 37 Sanctions (hereinafter, "O'Meara Decl.") [D.I. 96-2], Nov. 8, 2023, p. 8, ¶ 19.) In addition, Plaintiff's proposed form of order cites Federal Rule of Civil Procedure 37(d)(3) in connection with its request for monetary sanctions. (*See* Proposed Order [D.I. 96-3].) Rule 37(d)(3) provides that the Court must order "the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(d)(3). Plaintiff's brief does not address the propriety of these requested monetary sanctions, including why an award of expenses would not be unjust, and Plaintiff submitted invoices relating to the canceled deposition but has not submitted invoices or documentation in support of its requested attorney's fees. Consequently, the Court recommends that Plaintiff's motion be denied to the extent Plaintiff seeks monetary sanctions.

Defendant Baxter and Service Champions were both originally named as defendants in the complaint, at which time Service Champions retained counsel on behalf of itself and Defendant Baxter. (Order [D.I. 68], Nov. 21, 2022, p. 2.) The claims against Service Champions were dismissed for lack of personal jurisdiction by Opinion and Order dated December 30, 2021, leaving Defendant Baxter as the only remaining defendant. (*Id.*) On August 19, 2022, Defendant Baxter's employment with Service Champions ended, and Service Champions directed its attorneys to seek to withdraw from representing Defendant Baxter in this action. (*Id.*) During a hearing on the motion to withdraw, Defendant Baxter confirmed that he did not oppose counsel's request to withdraw, "that he will seek new counsel and that, if unable to retain counsel, he is prepared to proceed *pro se* in this matter." (*Id.* at p. 3.) On November 21, 2022, this Court entered an Order granting counsel's request to withdraw as counsel for Defendant Baxter and providing Defendant Baxter forty-five days to obtain new counsel. (*Id.* at pp. 7-8.) The Order further provided that "[i]f new counsel does not enter an appearance on Baxter's behalf by January 6, 2023, Baxter shall proceed with this matter *pro se*[.]" (*Id.* at p. 8.)

Since the Court granted leave for Defendant Baxter's counsel to withdraw, Defendant Baxter has appeared *pro se* at

3

scheduled telephonic conferences on February 6, 2023, August 14, 2023, and January 9, 2024. (*See* Minute Entry [D.I. 83], Feb. 6, 2023, Minute Entry [D.I. 90], Aug. 14, 2023; Minute Entry [D.I. 100], Jan. 9, 2024.) On November 9, 2023, Plaintiff filed the instant motion for sanctions predicated on Defendant Baxter's failure to make himself available for a deposition. Plaintiff represents that on September 5, 2023, it noticed Defendant Baxter's deposition for October 10, 2023, but on October 9, 2023 at 4:48 P.M., Defendant Baxter sent an email asking to reschedule the deposition. (O'Meara Decl., pp. 2, 4 ¶¶ 3, 8.) In his October 9, 2023 email, Defendant Baxter asked that Plaintiff reschedule the deposition "for a day next week." (*Id.* at p. 4, ¶ 8.) Plaintiff's counsel responded the same day requesting that Defendant Baxter specify which days he was available the following week. (*Id.* at p. 5, ¶ 9.) However, Defendant Baxter failed to respond to Plaintiff's counsel, and Plaintiff's counsel thereafter scheduled the deposition for October 18, 2023.[3] (*Id.* at pp. 5-6, ¶¶ 9-11.) On October 13, 2023, Defendant Baxter sent an email to Plaintiff's counsel stating that October 25, 2023 was "the best date [he had] available" and inquiring

---

[3] Plaintiff's counsel also represents that before sending a deposition notice for October 18, 2023, he first left a voicemail for Defendant Baxter proposing to take the deposition on October 18, 2023, but Defendant Baxter did not respond to the voicemail. (O'Meara Decl., p. 5, ¶ 10.)

4

"what time is best." (*Id.* at p. 6, ¶ 12.) Plaintiff's counsel then scheduled the deposition for October 25, 2023, but Defendant Baxter again sought to reschedule the deposition. (*Id.* at p. 6, ¶¶ 13-14.) Defendant Baxter explained in an email dated October 23, 2023 that he was "no longer able to represent" himself, that he sought to retain counsel, and that counsel "will be reaching [out] to get [Plaintiff's counsel] the information [] requested and to reschedule [the] deposition." (*Id.* at p. 6, ¶ 14.) Having failed to hear from Defendant Baxter by November 9, 2023, Plaintiff filed this motion. Plaintiff notes in the motion that Defendant Baxter has also failed to respond to requests for admissions and requests for production of documents that were served on Defendant Baxter on September 5, 2023. (*Id.* at pp. 2-3, ¶¶ 3, 4.) Moreover, Plaintiff's counsel represents that he has attempted to contact Defendant Baxter "a number of times" but Defendant Baxter has never answered the phone or returned any voicemail messages left by Plaintiff's counsel. (*Id.* at pp. 7-8, ¶ 17.)  As noted above, Defendant Baxter has not opposed Plaintiff's motion for sanctions.[4]

---

[4] In addition, Defendant Baxter did not file opposition to a motion for summary judgment filed by Plaintiff.

5

The Court held a telephonic conference on January 9, 2024, at which time Defendant Baxter appeared notwithstanding his alleged failure to participate in discovery in this case. Defendant Baxter at that time stated that he intends to litigate the case but is hesitant to proceed *pro se*, and he further stated that he was previously unable to afford an attorney due to a medical condition that prevented him from working for several months. In addition, Defendant Baxter represented that he was cleared to return to work on October 21, 2023 and currently has sufficient funds to retain an attorney. Because the time for filing opposition to the sanctions motions had at that time expired, the Court noted that Defendant Baxter would be required to file a motion for an extension of time to oppose the motion for sanctions.[5] (*See* Order [D.I. 101], Jan. 10, 2024, p. 1, ¶ 1.) The Court confirmed these directives in an Order dated January 10, 2024, which provided Defendant Baxter until February 1, 2024 to file the motion for an extension of time. (*Id.*) As noted in the Order, if a motion for an extension of time was not filed by February 1, 2024 either by new counsel or

---

[5] The Court directed Defendant Baxter to submit documentation to support his representations concerning his medical condition when he filed the motion for an extension of time to oppose the sanctions motion. Defendant Baxter, however, failed to file a motion for an extension of time and therefore has provided no evidence to support the representations made to the Court concerning his medical condition.

by Defendant Baxter *pro se*, "the Court will consider the motion for sanctions as unopposed[.]" (*Id.* at p. 1, ¶ 2.) Defendant Baxter did not file a motion for an extension of time – either *pro se* or through counsel – and the instant sanctions motion is therefore unopposed.

Plaintiff cites to Federal Rule of Civil Procedure 37(d) in support of its motion for sanctions. Rule 37(d)(1)(A) provides that "[t]he court where the action is pending may, on motion, order sanctions if: (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition; or (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(i) & (ii). Sanctions available under Rule 37(d) "may include any of the orders listed in Rule 37(b)(2)(A)(i)–(vi)[,]" such as "striking pleadings in whole or in part . . . [or] rendering a default judgment against the disobedient party[.]" Fed. R. Civ. P. 37(d)(3); Fed. R. Civ. P. 37(b)(2)(A). The Third Circuit, however, has stated that "defaults are drastic sanctions, termed 'extreme' by the Supreme Court, and are to be reserved for comparable cases." *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867–68 (3d Cir. 1984) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427

7

U.S. 639, 643 (1976)). Indeed, "cases should be decided on the merits barring substantial circumstances in support of the contrary outcome" as there is a "strong policy favoring decisions on the merits[.]" *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132, 137 (3d Cir. 2019).

The Third Circuit has thus set forth the following factors that a court should consider when deciding whether to impose a sanction that deprives a party of the ability to proceed on the merits (hereinafter, the "*Poulis* factors"):

> (i) the extent of the party's personal responsibility;
>
> (ii) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;
>
> (iii) a history of dilatoriness;
>
> (iv) whether the conduct of the party or the attorney was willful or in bad faith;
>
> (v) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and
>
> (vi) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868 (emphasis omitted); *see also United States v. Brace*, 1 F.4th 137, 143 (3d Cir. 2021) (approving of district court's analysis of *Poulis* factors when striking a brief in opposition to summary judgment motion and "urg[ing]" courts "to consider the relevant [*Poulis*] factors" when imposing

sanctions); *Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013) (noting that "we have required a *Poulis* analysis when a district court imposes sanctions that are tantamount to default judgment because they inevitably lead to liability for one party").

In analyzing the first *Poulis* factor, the Court considers "whether the party bears personal responsibility for the action or inaction[.]" *Adams v. Tr. of the New Jersey Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 873 (3d Cir. 1994). Here, when Defendant Baxter's counsel sought to withdraw its representation of Baxter, Defendant Baxter did not oppose the motion, was afforded an opportunity to retain new counsel, and represented that he was prepared to proceed *pro se*. (Order [D.I. 68], Nov. 21, 2022, pp. 3, 8.) Defendant Baxter clearly had notice of the depositions scheduled by Plaintiff, as he directly contacted Plaintiff's counsel seeking to postpone each scheduled deposition. Consequently, Defendant Baxter is solely responsible for his failure to appear for a deposition, and he cannot claim that the failure to appear "resulted from the actions of [his] attorney." *Opta Sys., LLC v. Daewoo Elecs. A.*, 483 F. Supp. 2d 400, 404 (D.N.J. 2007). The Court thus finds that the first *Poulis* factor weighs in favor of striking Defendant Baxter's answer and entry of default.

The Court next considers the prejudice suffered by Plaintiff as a result of Defendant Baxter's failure to appear for a deposition. *Poulis*, 747 F.2d at 868. The prejudice to other parties caused by the delay may include "whether the party's conduct has resulted in 'extra costs, repeated delays, and the need to file additional motions in response to the abusive behavior of the responsible party.'" *Chiarulli v. Taylor*, No. 08-4400, 2010 WL 1371944, at *3 (D.N.J. Mar. 31, 2010) (quoting *Huertas v. City of Phila.*, No. 02-7955, 2005 WL 226149, at *3 (E.D. Pa. Jan. 26, 2005), *aff'd*, 139 F. App'x 444 (3d Cir. 2005)), *report and recommendation adopted by* 2010 WL 1566316, at *1 (D.N.J. Apr. 16, 2010). Prejudice need not be "'irremediable' or 'irreparable[.]'" *Briscoe v. Klaus*, 538 F.3d 252, 259 (3d Cir. 2008) (quoting *Adams*, 29 F.3d at 874). Rather, a party may be prejudiced if the adversary's conduct impedes "its 'ability to prepare effectively a full and complete trial strategy[.]'" *Chiarulli*, 2010 WL 1371944, at *3 (quoting *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003)). "Courts in this Circuit have held that when one party fails to appear for his deposition, the other party suffers prejudice sufficient to satisfy the second *Poulis* factor." *Jenkins v. Renzenberger Transp. Inc.*, No. 16-4074, 2018 WL 6718584, at *2 (D.N.J. Nov. 16, 2018). Plaintiff asserts that Defendant Baxter's failure to

10

appear for a deposition has caused prejudice because Plaintiff is "unable to obtain information critical to prosecute its claims or even gauge Defendant's credibility as a witness." (*See* Pl. Service Experts' Mem. of Law in Supp. of Application for Sanctions [D.I. 96-1], p. 7.) Moreover, Defendant Baxter's conduct has caused repeated delays and has impeded the resolution of this case. (*Id.*) The Court finds prejudice that weighs in favor of striking Defendant Baxter's answer and entry of default.

Under the third *Poulis* factor, the Court examines whether the disputed conduct evinces a history of dilatoriness. *Poulis*, 757 F.2d at 868. "'Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders.'" *Chiarulli*, 2010 WL 1371944, at *3 (quoting *Adams*, 29 F.3d at 874). In this case, as set forth above, on September 5, 2023, Plaintiff served a notice for Defendant Baxter's deposition for October 10, 2023. Despite more than one month's notice, Defendant Baxter waited until the afternoon before the deposition to cancel the deposition and stated that he was available to be deposed the following week. However, when Plaintiff's counsel asked Defendant Baxter to specify which day the following week that he would be available,

11

Defendant Baxter did not respond. Plaintiff's counsel then noticed the deposition for October 18, 2023, but the deposition was subsequently rescheduled to October 25, 2023 at Defendant Baxter's request. Thereafter, although Defendant Baxter had identified October 25, 2023 as a date on which he would be available, on October 23, 2023 he again sought to postpone the deposition because he was purportedly in the process of retaining new counsel. However, counsel still has not appeared on behalf of Defendant Baxter in this matter, more than one year after Defendant Baxter agreed to proceed *pro se* if unable to secure counsel. The Court therefore finds that Defendant Baxter has demonstrated a pattern of delay by repeatedly seeking to postpone his deposition and subsequently failing to make himself available on a future date, and the third *Poulis* factor consequently supports the sanction of striking the answer and entering default.

   The Court next addresses whether the conduct of Defendant Baxter was willful or in bad faith. *Poulis*, 747 F.2d at 868. In *Nat'l Hockey League*, the Supreme Court affirmed a district court's finding of bad faith, where the district court had found that "[a]fter seventeen months where crucial interrogatories remained substantially unanswered despite numerous extensions granted at the eleventh hour and, in many

12

instances, beyond the eleventh hour, and notwithstanding several admonitions by the Court and promises and commitments by the plaintiffs, . . . the conduct of the plaintiffs demonstrates the callous disregard of responsibilities counsel owe to the Court and to their opponents" and "exemplif[ies] flagrant bad faith[.]" *Nat'l Hocket League*, 427 U.S. at 640-41. Alternatively, "'negligent behavior' or 'failure to move with . . . dispatch' – even if 'inexcusable' – will not suffice to establish willfulness or bad faith." *Chiarulli*, 2010 WL 1371944, at *3 (quoting *Adams*, 29 F.3d at 875-76).

Here, although the Court is unable to conclude from the record that Defendant Baxter acted in bad faith, the Court finds that Defendant Baxter's conduct is willful. In November 2022, when the Court granted Defendant Baxter's motion to withdraw as counsel, Defendant Baxter confirmed that he is prepared to proceed *pro se* in this litigation. (Order [D.I. 68], Nov. 21, 2022, p. 3.) Defendant Baxter thereafter postponed his deposition on the premise that he was in the process of retaining counsel. Defendant Baxter again expressed a desire for counsel during the January 9, 2024 hearing and represented that he had sufficient funds to afford an attorney at that time, and the Court therefore held in abeyance a decision on this sanctions motion. (*See* Order [D.I. 101], Jan. 10, 2024, p. 1, ¶

13

2.) To date, more than one year has passed since Defendant Baxter's prior counsel withdrew, yet an attorney still has not entered an appearance on behalf of Defendant Baxter. The Court concludes that in failing to participate in discovery without counsel, coupled with his failure to retain counsel despite ample opportunity, Defendant Baxter's conduct is willful and is not merely negligent or inadvertent. The fourth *Poulis* factor thus supports sanctions in the form of striking Baxter's answer and entering default.

Before turning to the effectiveness of other sanctions, the Court considers the *Poulis* factor related to the meritoriousness of the claims and defenses. *Poulis*, 747 F.2d at 868. "In *Poulis*, [the Third Circuit] stated that '[a] claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense.'" *Curtis T. Bedwell & Sons, Inc. v. Int'l Fid. Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988)(quoting *Poulis*, 747 F.2d at 869–70). The Third Circuit has declined to "require the [] court to have a mini-trial before it can impose a default" and has held that "unless the pleading asserted a dispositive defense (or claim), the issue of meritoriousness would be neutral." *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 922 (3d Cir. 1992),

14

*abrogation on other grounds recognized by White v. Samsung Elecs. Am., Inc.*, 61 F.4th 334 (3d Cir. 2023). Plaintiff has not filed a Rule 11 motion or a dispositive motion in connection with Defendant Baxter's answer, and the Court finds at this time that this *Poulis* factor is neutral in the evaluation of sanctions.

Finally, under *Poulis*, the Court must consider the effectiveness of other, less drastic sanctions. *Poulis*, 747 F.2d at 868. In *Poulis*, the Third Circuit noted that the "most direct and therefore preferable sanction for the pattern of [] delay such as that which the district court encountered in this case would be to impose the excess costs caused by such conduct[.]" *Id.* at 869. In the instant case, despite knowing that potentially dispositive sanctions could be awarded if Defendant Baxter did not respond to the instant motion and despite having ample opportunity to retain counsel, Defendant Baxter nonetheless failed to have counsel enter an appearance and failed to file a submission in connection with Plaintiff's sanctions motion. Moreover, given Defendant Baxter's *pro se* status and his representations concerning his recent inability to work, the Court finds that a monetary sanction would not be effective to deter future dilatory conduct. The Court thus finds that lesser sanctions will not be effective in moving this case

15

to resolution. The final *Poulis* factor, consequently, supports striking Defendant Baxter's answer and entering default against him.

In conclusion, the Court respectfully recommends that Plaintiff's motion for entry of default be granted, as the *Poulis* factors on balance support striking of Defendant Baxter's answer and entry of default. Defendant Baxter is personally responsible for his litigation conduct, which conduct the Court finds willful. Moreover, Plaintiff has been prejudiced by the delay in resolving this case, and alternative lesser sanctions would be ineffective at this time. Although the Court does not determine herein the meritoriousness of Defendant Baxter's defenses, "one *Poulis* factor is not controlling." *Curtis T. Bedwell & Sons*, 843 F.2d at 696. The Court recognizes that Defendant Baxter has appeared for scheduled phone conferences, at which time he expressed his intention to litigate this case and explained that he has not participated in discovery because he is hesitant to proceed without counsel. The Court also notes that Plaintiff moved directly for a dispositive sanction rather than for an order compelling Defendant Baxter to appear for his deposition. However, other than attending phone conferences, Defendant Baxter has not participated in this case, has repeatedly delayed its resolution by citing a desire to retain

counsel, and has failed to secure counsel despite ample opportunity since November 2022 to do so. Indeed, the Court even held in abeyance this sanctions motion to provide Defendant Baxter further time to retain counsel, yet Defendant Baxter neither retained counsel nor filed a *pro se* submission. In short, Defendant Baxter fails to demonstrate that he will participate in this case if provided an additional opportunity. The Court thus respectfully recommends that Defendant Baxter's answer be stricken, and that default be entered against him. The Court further recommends that Plaintiff's request for monetary sanctions be denied.

**Any objections to this Report and Recommendation must be filed within fourteen (14) days of service pursuant to Local Civil Rule 72.1(c)(2) and Federal Rule of Civil Procedure 72(b)(2).**

                                                s/ Ann Marie Donio  
                                                ANN MARIE DONIO  
                                                UNITED STATES MAGISTRATE JUDGE

Dated:  March 15, 2024

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SERVICE EXPERTS LLC, | Civil No. 21-18281 (RBK/AMD) |
| Plaintiff, | |
| v. | |
| KEN BAXTER and SERVICE CHAMPIONS LLC, | |
| Defendants. | |

**PROPOSED ORDER**

This matter comes before the Court by way of motion for entry of default and monetary sanctions filed by Plaintiff, Service Experts LLC. The Court has considered the Report and Recommendation submitted by the Honorable Ann Marie Donio, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). The parties were notified that they had fourteen (14) days from receipt of the Report and Recommendation to file and serve objections pursuant to Local Civil Rule 72.1(c)(2). The Court finds that the Report and Recommendation is neither clearly erroneous, nor contrary to law. Consequently, for good cause shown:

IT IS on this _____ day of _____ 2024 hereby

18

**ORDERED** that the Report and Recommendation is **ADOPTED**; and it is further

**ORDERED** that Plaintiff's motion [D.I. 96] for sanctions shall be, and is hereby, **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that the answer of Defendant Ken Baxter shall be, and is hereby, **STRICKEN**; and it is further

**ORDERED** that the Clerk of the Court **shall enter default** against Defendant Baxter on Plaintiff's claims; and it is further

**ORDERED** that Plaintiff's request for an award of costs and fees is **DENIED**.

April 8, 2024              /s/ Robert B. Kugler
                           UNITED STATES DISTRICT JUDGE