## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____
                                    :
SERVICE EXPERTS LLC,                :
                                    :
        Plaintiff,                  :
                                    :           Civil No. 21-18281 (RBK/AMD)
        v.                          :
                                    :           **OPINION**
KEN BAXTER,                         :
                                    :
        Defendant.                  :
_____ :

**KUGLER**, United States District Judge:

**THIS MATTER** comes before the Court upon two Motions brought by Plaintiff Service

Experts LLC ("Service Experts" or "Plaintiff"): (1) a Motion for Default Judgment, (ECF No.

106); and (2) a Motion for Summary Judgment. (ECF No. 95). For the reasons set forth below,

Plaintiff's Motion for Default Judgment, (ECF No. 106), is **GRANTED in part** and **DENIED in**

**part**. Plaintiff's Motion for Summary Judgment, (ECF No. 95), is **DENIED as moot**.

## I.      BACKGROUND

Plaintiff Service Experts initiated this action in October 2021, seeking an injunction

against Defendants Ken Baxter ("Baxter") and Service Champions, LLC ("Service Champions")

and alleging claims for breach of contract and misappropriation of trade secrets under the New

Jersey Trade Secrets Act ("NJTSA"), N.J. Stat. Ann. 56:15-1, *et seq.*, and federal Defend Trade

Secrets Act ("DTSA"), 18 U.S.C. § 1836. Plaintiff also initially brought a claim for tortious

interference against Defendant Service Champions. (Am. Compl. ¶¶ 69–72). All claims against

Service Champions were rendered moot following Defendant Service Champions' dismissal for

lack of personal jurisdiction. *See* (ECF Nos. 36–37).

The Court refers the parties to our Opinion entered May 15, 2023, *see* (ECF No. 84), which reviews the underlying facts of this matter in greater detail and which we incorporate here by reference. We do, however, take this opportunity to review the procedural history relevant for resolving the pending Motions.

Plaintiff filed its initial Complaint on October 8, 2021. (ECF No. 1). On October 27, 2021, Defendant Service Champions LLC filed a Motion to Dismiss for lack of personal jurisdiction. (ECF No. 14). On November 4, 2021, Defendant Baxter filed a Motion to Dismiss. (ECF No. 24). On November 24, 2021, Plaintiff filed an Amended Complaint. (ECF No. 28, Am. Compl.). On December 22, 2021, Defendant Baxter filed an Answer to the Amended Complaint, (ECF No. 34), which has since been stricken from the record by the Court. *See* (ECF No. 105). On December 30, 2021, this Court granted Defendant Service Champions' Motion to Dismiss, (ECF Nos. 36–37), terminating Defendant Service Champions from the case. Following a flurry of scheduling motions, Plaintiff filed a Motion to Vacate the Court's Order dismissing Defendant Service Champions for lack of jurisdiction, which this Court construed as a Motion for Reconsideration. (ECF No. 78). On May 15, 2023, this Court issued an Opinion and Order denying Plaintiff's Motion to Vacate. (ECF Nos. 84–85).

Since the issuance of that Opinion and Order, Defendant Baxter, now the lone defendant and proceeding *pro se*, persistently dodged Plaintiff's requests for admission and production. As a result, on November 9, 2023, Plaintiff filed a Motion for Summary Judgment, (ECF No. 95, Mot. Summ. J.), and a Motion for Sanctions pursuant to Federal Rule of Civil Procedure 37(d). (ECF No. 96, Mot. Sanctions). Defendant Baxter did not respond to either Motion. On March 15, 2024, Judge Donio issued a Report and Recommendation that the pending Motion for Sanctions be granted and that the Clerk of Court strike Defendant Baxter's Answer and make an entry of

default. (ECF No. 104, R&R). Defendant Baxter did not object. On April 8, 2024, we adopted

Judge Donio's Report and Recommendation, (ECF No. 105), and the Clerk subsequently entered

default against Defendant Baxter and struck his Answer from the record. On April 25, 2024,

while the Motion for Summary Judgment was still pending, Plaintiff filed a Motion for Default

Judgment against Defendant Baxter. (ECF No. 106, Mot. Default J.). Defendant Baxter has not

responded to the Motion for Default Judgment. As such, the Court considers the pending

Motions fully briefed and ripe for review.

## II.  JURISDICTION

This Court has subject-matter jurisdiction pursuant to the federal diversity statute. *See*

28 U.S.C. § 1332(a). Plaintiff sufficiently alleges jurisdiction under § 1332(a) by claiming

complete diversity of citizenship between the parties and an amount in controversy exceeding

$75,000. (Am. Compl. ¶¶ 2–5). Plaintiff is a limited liability company whose members are each

a citizen of the State of Delaware. (*Id.* ¶ 6). Defendant Baxter is an adult individual residing in

Gibbstown, New Jersey. (*Id.* ¶ 7). The parties do not contest citizenship, personal jurisdiction, or

amount in controversy. Because we find that Plaintiff has met § 1332(a)'s complete diversity and

amount-in-controversy requirements, the Court has subject-matter jurisdiction to hear this case.

## III.  LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment

against a properly served defendant who fails to appear or respond. The entry of a default

judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized

that such "discretion is not without limits, however, and we repeatedly state our preference that

cases be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178,

1181 (3d Cir. 1984) (citations omitted). In reviewing a motion for default judgment, all well-

pleaded factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (cleaned up); *see also* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688 (4th ed. 2024) (hereinafter "Wright & Miller").

Before entering default judgment, the movant must meet certain procedural and substantive requirements. The procedural requirements typically require evidence, by affidavits and documents, of: (1) the entry of default pursuant to Federal Rule of Civil Procedure 55(a); (2) the absence of any appearance by a party to be defaulted; (3) that the defendant is neither an infant nor an incompetent; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the Servicemembers' Civil Relief Act ("SCRA"), 50 U.S.C.A. § 3931. *See International Union of Painted and Allied Trades District Council 711 Health & Welfare, Vacation and Finishing Trades Institute Funds v. Village Glass, Inc.*, Civ. No. 11-1023, 2012 WL 209076, at *1 (D.N.J. Jan. 24, 2012) (citing *Ciasulli v. Hartmann*, Civ. No. 08-5544, 2009 WL 150668, at *1 (D.N.J. Jan. 21, 2009)). The three substantive factors, known as the *Chamberlain* factors, consist of: (1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).

## IV.   DISCUSSION

There are two Motions pending before the Court: Plaintiff's Motion for Summary Judgment, (ECF No. 95); and Plaintiff's Motion for Default Judgment. (ECF No. 106). Because Plaintiff's Motion for Default Judgment was filed most recently and because it follows the

4

Clerk's entry of default against Defendant Baxter, we deny Plaintiff's Motion for Summary Judgment as moot. We therefore focus our analysis on Plaintiff's Motion for Default Judgment, which we grant in part and deny in part pursuant to Rule 55(b)(2).

### A.    Procedural Requirements for Entry of Default Judgment

Plaintiff has met each of the six procedural requirements necessary for the Court to enter default judgment against Defendant Baxter. First, the Clerk properly entered default under Rule 55(a). As discussed, on April 8, 2024, the Court adopted Judge Donio's Report and Recommendation that an entry of default be made against Defendant Baxter as an appropriate sanction pursuant to Federal Rule of Civil Procedure 37(d). On April 9, 2024, the Clerk made the entry of default, which the docket currently reflects. The first procedural requirement is satisfied.

Second, although Defendant Baxter made various appearances at earlier stages of the litigation, the Court entered default due to his repeated dilatory tactics and failures to otherwise defend his case. As Magistrate Judge Donio noted in her R&R, Defendant Baxter demonstrated a pattern of delay by "repeatedly seeking to postpone his deposition and subsequently failing to make himself available on a future date." (R&R 12). Although Defendant has joined status calls with the Court since his prior counsel withdrew from this case, the Court agrees with Plaintiff that Defendant "has not *meaningfully* participated in this matter." (Mot. Default J. 5) (emphasis in original). It is clear to that Defendant Baxter has intentionally evaded Plaintiff's attempts to schedule his deposition. Moreover, in addition to his Answer being stricken as a sanction for his dilatory conduct, Defendant Baxter has failed to respond to written discovery, appear for his deposition, or otherwise participate in his own defense since May 2023.

Numerous reviewing courts have upheld a grant of default judgment where defendants have ceased to participate meaningfully in litigation after initially having participated. *See, e.g.*,

*Washington Metro. Area Transit Comm'n v. Reliable Limousine Serv., LLC*, 776 F.3d 1, 5 (D.C. Cir. 2015) (affirming grant of default judgment when defendant's refusal to participate in discovery was not only willful but appeared to be calculated for the sake of delay and because the defendant offered no plausible excuse for his failure to participate in discovery); *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129–30 (2d Cir. 2011) (affirming grant of default judgment notwithstanding defendants' initial appearances, motions to dismiss, and other filings because the defendants had affirmatively signaled to the court their intention to cease participating in their own defense, even after warnings that default would result); *Ringgold Corp. v. Worrall*, 880 F.2d 1138, 1141 (9th Cir. 1989) (holding that notice requirements for default judgment were inapplicable where defaulting parties had repeatedly failed to attend pretrial conferences or otherwise participate in or remain informed about the litigation). In this way, we find the fact that Defendant Baxter is no longer substantively appearing or participating in this matter to be sufficient to satisfy the second procedural prerequisite.

Third, the Court is satisfied that Defendant Baxter is neither an infant nor an incompetent. He has communicated with the Court in the past and has never represented that he is incapable or incompetent of participating in this matter. The third procedural prerequisite is thus satisfied.

Fourth, as indicated in the Declaration of Daniel P. O'Meara, *see* (ECF No. 106-2, Ex. A), Plaintiff's counsel has diligently served Defendant Baxter with each of the requisite pleadings and filings in this matter. Defendant Baxter has also participated in status conferences with the Court, indicating that he was in receipt of the Court's notices and pleadings in this matter. Accordingly, we find the fourth procedural prerequisite is satisfied.

Fifth, Plaintiff avers that the amount of judgment it seeks—$1,004,978—"represents the total value of the trade secrets and confidential information Defendant misappropriated,

6

including lost profits and loss of exclusivity." (Mot. Default J. 6). Plaintiff's only support for these figures, however, amounts to conclusory statements made within its summary judgment briefings. *See, e.g.*, (Mot. Summ. J. 12). As we discuss below, *see* Part IV(C)(iii), *infra*, these pleadings are insufficient to meet the prerequisite procedural requirement for damages. However, because Plaintiff also seeks injunctive relief—and because it has otherwise met its burden to show that it is entitled to that relief, *see* Part IV(C)(i), *infra*—we find that the fifth procedural prerequisite is satisfied as to the injunctive relief portion of its default judgment motion.

Sixth, as indicated in the April 24, 2024, Declaration of Immon Shafiei, Plaintiff's counsel submitted to the SCRA website Defendant Baxter's name, social security number, and date of birth in order to determine whether he was on active military duty. (ECF No. 106-3, Ex. 19, Decl. Immon Shafiei). The SCRA responded indicating that Defendant Baxter (1) is not on active military duty; (2) has not left active duty within 367 days of an active duty start date; and (3) has not received early notification to report for active duty. (*Id.* (noting SCRA's response to each category as "NA," or "not applicable")). Because the SCRA does not apply to Defendant Baxter, the sixth prerequisite has been satisfied. Accordingly, we find that Plaintiff has met the six procedural requirements necessary for the Court to render default judgment against Defendant Baxter.

**B.     Substantive Requirements for Entry of Default Judgment**

Even where default judgment is permissible, the Court must consider the three *Chamberlain* substantive factors to determine whether default judgment is in fact appropriate: (1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a meritorious defense; and (3) whether the defendant's delay is due to culpable conduct. 210 F.3d at 164. Each of these three factors is met here.

First, it is evident to the Court that Defendant Baxter's repeated and intentional delays for over a year and a half has significantly prejudiced Plaintiff. As Plaintiff notes, Defendant Baxter "has grinded this litigation to a halt" and forced Plaintiff to "expend considerable time and resources chasing Defendant to obtain the discovery to which it is entitled." (Mot. Default J. 7). We also agree with Plaintiff that, because Defendant Baxter has consistently failed to appear for depositions or otherwise defend his case, Plaintiff has been unable to obtain critical information that would assist Plaintiff in not only preparing for his deposition, but also for trial or summary judgment. *See* (*id.* at 8). As such, the Court finds that denying the entry of default judgment would severely prejudice Plaintiff at this stage, as Plaintiff would otherwise have no other way to vindicate its claims.

Second, we agree with Plaintiff that Defendant Baxter does not appear to have a meritorious defense. As a result of this Court's Order adopting Judge Donio's Report and Recommendation addressing Plaintiff's Motion for Sanctions, (ECF No. 105), Defendant Baxter's Answer was stricken from the record, along with any defenses he may have raised. Defendant also failed to respond to Plaintiff's Request for Admissions, the underlying facts of which have since been deemed admitted pursuant to Federal Rule of Civil Procedure 36(a)(3).[1] Additionally, Plaintiff has provided the Court with extensive evidence that it possessed trade secrets to which it gave Defendant Baxter access and that Defendant Baxter willfully misappropriated those trade secrets. *See, e.g.*, (ECF No. 95-3, Ex. B, Decl. Cary Reed). For these reasons, the Court finds that Defendant Baxter does not appear to have a meritorious defense, and the second *Chamberlain* factor is satisfied.

---

[1] A complete list of these facts appears in Plaintiff's Motion for Default Judgment. *See* (Mot. Default J. 9–11).

Third, there is nothing before the Court to suggest that Defendant Baxter's failure to appear for his deposition or otherwise continue participating in this matter is due to anything other than culpable conduct. As Plaintiff notes, Defendant Baxter has since June 2023 exhibited a pattern of refusing to participate in this case, only haphazardly responding after a conference with the Court. (Mot. Default J. 12). More significantly, Defendant Baxter has had his deposition noticed on three separate occasions and, despite Plaintiff's numerous efforts to work with Defendant Baxter's schedule, he has chosen not to appear. For these reasons, we agree with Plaintiff that Defendant Baxter has no legitimate excuse for his failure to participate in this litigation and that his culpable conduct weighs in favor of granting default judgment.

Accordingly, the Court finds that the three *Chamberlain* substantive requirements have been met, *see* 210 F.3d at 164, and that, as set forth below, a partial entry of default judgment against Defendant Baxter pursuant to Rule 55(b)(2) is appropriate.

### C.    Appropriate Relief

Plaintiff has requested three forms of relief: a permanent injunction; damages in the amount of $1,000,000; and related fees in the amount of $4,978. As we explain, the Court agrees to enter a permanent injunction against Defendant Baxter. We decline, however, to award damages or fees at this time and instead exercise our discretion under Rule 55(b)(2) to conduct a hearing to determine the appropriate amount of damages.

### *i.    Permanent Injunction*

Plaintiff requests that the Court enter a permanent injunction restricting Defendant Baxter from, *inter alia*, using or disclosing any confidential information belonging to Plaintiff that Defendant Baxter received or retained after his employment with Service Experts ended. *See* (ECF No. 106-5, Proposed Order Permanent Inj. 2). The Court notes that on October 11, 2021,

Plaintiff initially sought a preliminary injunction on similar terms, (ECF No. 5), which the Court subsequently mooted on April 13, 2022, following Plaintiff's filing of its Amended Complaint. *See* (ECF No. 42). We find that a grant of injunctive relief is now appropriate.

A plaintiff seeking a permanent injunction must demonstrate: (1) whether the moving party has shown actual success on the merits; (2) whether denial of injunctive relief will result in irreparable harm to the moving party; (3) whether granting of the permanent injunction will result in even greater harm to the defendant; and (4) whether the injunction serves the public interest. *Shields v. Zuccarini*, 254 F.3d 476, 482 (3d Cir. 2001).

All four factors are met in this instance. First, notwithstanding Defendant Baxter's failure to defend his case and subsequent default, the Court is confident that Plaintiff can show actual success on the merits, as numerous affidavits and declarations have made clear that Defendant Baxter retained Plaintiff's confidential proprietary information. Second, Plaintiff has sufficiently shown that a denial of injunctive relief will irreparably harm Plaintiff's ability to guard its confidential information. Third, granting a permanent injunction will not result in greater harm to Defendant Baxter, as doing so merely restrains him from using or disclosing Plaintiff's confidential information. Fourth, the public interest is served by enforcing state and federal statutes designed to guard against the unlawful use and disclosure of trade secrets by former employees. For these reasons, we grant Plaintiff's Motion for Default Judgment to the extent that it requests permanent injunctive relief.

### ii.      *Costs and Fees*

Plaintiff also requests $4,978 in costs and fees relating to the late cancellation of Defendant Baxter's deposition. As Plaintiff is no doubt aware, however, the Court has already once declined to grant Plaintiff's request for costs and fees on this issue upon our adoption of

Judge Donio's Report and Recommendation urging denial of the same. *See* (ECF Nos. 104–105, R&R and Order Adopting R&R). For the same reasons expressed in the adopted Report and Recommendation, we again decline to grant Plaintiff's request for costs and fees at this time.

       *iii.*        *Damages*

Finally, Plaintiff requests $1,000,000 in actual damages based upon its estimate of "the total value of the trade secrets and confidential information Defendant Baxter misappropriated." (Mot. Default J. 6). Plaintiff notes that this number is "identical to the amount sought in the proposed Order on the Motion for Summary Judgment." (*Id.* (citing ECF No. 95-4 ¶ 1.1)). In that document, Plaintiff avers that the amount is based upon "Defendant Ken Baxter's admissions that Service Experts has sustained damages in excess of $10,000,000," (Mot. Summ. J. 12), which Plaintiff argues Defendant Baxter has deemed admitted due to the entry of default and striking of his Answer.

The Court is unsure how Plaintiff derived these figures. As best as the Court can tell, $1,000,000 was chosen as a low-end combined estimate of the damages alleged—in purely conclusory terms—in the Statement of Undisputed Material Facts ("SUMF") appended to Plaintiff's Motion for Summary Judgment, (ECF No. 95-2, SUMF ¶ 53). Plaintiff argues these damages have since been deemed admitted by Defendant Baxter. Because default was entered against Defendant Baxter for his failure to appear, however, the Court is less than confident that an otherwise unsupported amount claimed only at the summary judgment stage—which the Court notes *far* exceeds the initially pleaded amount "in excess of $75,000" in the Amended Complaint, *see* (Am. Compl. ¶¶ 57, 62, 68, 72)—represents a "sum certain" for purposes of granting default judgment. *See* Fed. R. Civ. P. 55(b).

A consequence of the entry of a default judgment is that "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc.*, 908 F.2d at 1149. Additionally, pursuant to Rule 55(b)(2), a court "may conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed R. Civ. P. 55(b)(2); *see also* Wright & Miller § 2688 ("If the sum is not certain or capable of easy computation, the court may hold whatever hearing or inquiry it deems necessary."). Because the Court finds that Plaintiff has not provided the Court with sufficient evidence to support the amount of damages it now seeks, the Court will conduct a hearing pursuant to Rule 55(b)(2) to determine the proper amount of damages. For present purposes, therefore, Plaintiff's Motion for Default Judgment is denied to the extent that it requests any additional costs or damages beyond the injunctive relief sought.

## V.    CONCLUSION

For the reasons stated above, Plaintiff's Motion for Default Judgment, (ECF No. 106), is **GRANTED in part** and **DENIED in part**. Plaintiff's request for a permanent injunction is **GRANTED**.[2] Plaintiff's request $4,978 in fees is **DENIED**. Plaintiff's request for $1,000,000 in damages is **DENIED**. The Court will conduct a hearing pursuant to Federal Rule of Civil Procedure 55(b)(2) on the amount of damages on a future date to be determined. Plaintiff's Motion for Summary Judgment, (ECF No. 95), is **DENIED as moot**. An Order follows.


Dated: May 31, 2024                                   /s/ Robert B. Kugler
                                                      ROBERT B. KUGLER
                                                      United States District Judge


---

[2] The precise terms of the permanent injunction can be found in our corresponding Order.

12