[Docket No. 113]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

SERVICE EXPERTS LLC,

        Plaintiff,

v.

KEN BAXTER,

        Defendant.

Civil Action No. 21-18281 (RMB/AMD)

**MEMORANDUM ORDER**

      **THIS MATTER** comes before the Court upon the Motion for Attorney Fees by Plaintiff Service Experts LLC ("Plaintiff") [Docket No. 113]. On May 31, 2024, this Court granted Plaintiff's Motion for Default Judgment in part and entered a permanent injunction against Defendant Ken Baxter ("Defendant"). [Docket No. 108.] The Court denied Plaintiff's request for an award of attorneys' fees and damages, but indicated that it would conduct a hearing pursuant to Federal Rule of Civil Procedure 55(b)(2) to determine the proper amount of damages to be awarded. [*Id.*] Plaintiff thereafter advised the Court that it intended to proceed solely with a request for an award of attorneys' fees as its damages in this case through written submissions, obviating the need for a testimonial hearing. [Docket No. 110.] The Court directed Plaintiff to file its petition for fees and gave Defendant an opportunity to respond. [Docket No. 112.] Defendant has not opposed or otherwise responded to the motion.

The Defend Trade Secrets Act ("DTSA") and the New Jersey Trade Secrets Act ("NJTSA") permit a court to award reasonable attorneys' fees to the prevailing party upon a showing that a plaintiff's trade secret was willfully and maliciously misappropriated.  *See* 18 U.S.C. § 1836(b)(3)(D); N.J. STAT. ANN. § 56:15-6(b).  A plaintiff may prove willfulness by "demonstrating that the defendant continued infringing behavior after being given notice."  *Piquante Brands Int'l, Ltd. v. Chloe Foods Corp.*, No. CIVA3:08CV4248FLW, 2009 WL 1687484, at *6 (D.N.J. June 16, 2009).  "Alternatively, a court may infer willfulness from the fact that a defendant refuses to respond to the plaintiff's complaint or subsequent motion for default judgment."  *Id.*

Here, the Court granted Plaintiff a permanent injunction enjoining Defendant from continuing to misappropriate Plaintiff's trade secrets, rendering Plaintiff the prevailing party in this action.  Defendant had ample notice of this litigation, evidenced by his participation in certain aspects of the case, yet failed to cease his infringing behavior.  [*See* Docket No. 107 at 6, 9.]  In fact, by failing to respond to Plaintiff's Request for Admissions, Defendant is deemed to have admitted that he willfully and maliciously misappropriated Plaintiff's trade secrets.[1]  What's more, in granting default judgment against Defendant, the Court has found that Defendant refused to meaningfully participate in the litigation.  [*Id.* at 5–6, 9.]  He also failed to respond to the Motion for Default Judgment and the instant attorneys' fee petition.

---

[1]     The Court found that the underlying facts of Plaintiff's Request for Admissions were deemed admitted by Defendant as he failed to respond to them, pursuant to Federal Rule of Civil Procedure 36(a)(3).  [Docket No. 107 at 8.]

2

The Court infers willfulness from these facts.  Additionally, as previously noted by the Court, "Plaintiff has provided the Court with extensive evidence that it possessed trade secrets to which it gave Defendant Baxter access and that Defendant Baxter willfully misappropriated those trade secrets." [*Id.* at 8.]  Therefore, having reviewed Plaintiff's Motion and the exhibits thereto, the Court finds that an award of attorneys' fees is warranted under the DTSA and the NJTSA.

The Court now turns to the reasonableness of the request fees.  Plaintiff requests attorneys' fees in the total amount of $298,825.00, representing 620.50 hours of work by one partner, one senior associate, and one junior associate from 2021 to the present. "The starting point for determining any reasonable fee is to calculate a 'lodestar' amount; that is, the number of hours reasonably expended multiplied by a reasonable hourly rate." *Blakey v. Cont'l Airlines, Inc.*, 2 F. Supp. 2d 598, 602 (D.N.J. 1998). "When calculating the lodestar amount, courts conduct a three-step inquiry: (i) decide a reasonable hourly rate, and multiply that rate by (ii) the number of hours the attorney reasonably expended, and (iii) alter the total amount, if necessary." *Fruit Flowers, LLC v. Jammala, LLC*, No. CV145834ESMAH, 2016 WL 1553725, at *1 (D.N.J. Jan. 6, 2016), *report and recommendation adopted*, No. CV145834ESMAH, 2016 WL 1464651 (D.N.J. Apr. 14, 2016) (citing *J & J Snack Foods, Corp. v. Earthgrains Co.*, No. CIV.A. 00-6230 (JBS), 2003 WL 21051711, at *6 (D.N.J. May 9, 2003)).

The Court has thoroughly reviewed Plaintiff's submissions, including the Declaration of Immon Shafiei, Esq. ("Shafiei Decl.") [Docket No. 113-3] and the invoices and itemized fees [Docket Nos. 113-4, 113-5], and finds that Counsel has

3

submitted sufficient evidence to establish the reasonableness of the requested hourly rates for purposes of the lodestar calculation. Counsel explains that this type of employment-related litigation is complex and technical, which is reflected in counsel's hourly rates. [Shafiei Decl. ¶ 8.] The hourly rates charged by the partner ranged from $550 in 2021 to $665 in 2025. [*Id.* ¶ 11.] The hourly rates charged by the senior associates ranged from $365 in 2021 to $535 in 2025. [*Id.* ¶ 10.] And the hourly rates charged by the junior associate were $375 in 2023 and $410 in 2024. [*Id.* ¶ 12.] Counsel explains his familiarity with the prevailing market rates during the pendency of the litigation and avers that the rates charged are well within those rates. [*Id.* ¶ 13.]

Such rates are consistent with those previously sought and approved in this District. *See, e.g.*, *Jama v. Esmor Correctional Servs., Inc.*, 577 F.3d 169, 181 (3d Cir.2009) (noting that fees ranging from $600 for a partner to $205 for a first-year associate were reasonable); *Allstate Life Ins. Co. v. Stillwell*, No. CV 15-08251 (FLW), 2022 WL 17448838, at *5 (D.N.J. Dec. 6, 2022) (finding hourly rates of $430 to $615 for partners and $305 to $465 for associates to be reasonable); *In re Mercedes-Benz Tele Aid Contract Litig.*, Civ. No. 07–2720(DRD), 2011 WL 4020862, at *7 (D.N.J. Sept.9, 2011) (holding that hourly rates up to $750 for partners and $560 for associates were reasonable). "Moreover, because [Defendant has] submitted no affidavits or other evidence contesting Counsel's *prima facie* showing, the Court will grant the requested amounts." *Fruit Flowers*, 2016 WL 1553725, at *2.

The Court further finds that counsel reasonably expended their time while working on this case. The case was staffed appropriately, and the hours expended

4

reasonably reflect the long history of the case – including extensive discovery and motion practice – and the technical nature of the issues involved.  "After a careful review of the declaration[] and supporting documentation, the Court finds that the time spent by the attorneys on this case was not excessive, duplicative or unreasonable" and that "the fees charged by counsel are of the duration and nature customarily charged for comparable legal services." *Id.*

ACCORDINGLY, IT IS HEREBY, on this **25th** day of **February, 2025**,

**ORDERED** that Plaintiff's Motion for Attorney Fees [Docket No. 113] is **GRANTED**; and it is further

**ORDERED** that Defendant shall submit payment to Plaintiff for its reasonable attorneys' fees in the total amount of **$298,825.00** within thirty-five (35) days of the entry of this Order; and it is further

**ORDERED** that the Clerk of the Court shall **MAIL** a copy of this Order to Defendant at his mailing address of record and shall **NOTE** the completion of same on the docket; and it is further

**ORDERED AND ADJUDGED** that this Order shall constitute a final order and judgment under Federal Rule of Civil Procedure 54; and it is finally

**ORDERED** that the Clerk of the Court shall **CLOSE** the file in the above-captioned matter.

*s/Renée Marie Bumb*
RENÉE MARIE BUMB
Chief United States District Judge
